IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA ANN BROWN,

      Petitioner,                    No. CIV S-10-2349 EFB P

      vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

      Respondent.                  ORDER

_____/

      Petitioner is state prisoner proceeding without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a). However, petitioner's application for a writ of habeas corpus must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Additionally, the court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court. L.R. 190(b); *see also* Rule 2(c)-(d), Rules Governing § 2254 Cases.

The instant petition violates Rule 2 of the Rules Governing § 2254 Cases. It also violates the local rules, as it was not filed on the proper form. Petitioner alleges the following two claims for relief: 1) "Abstract of Judgement, criminal minute order stamp by deputy clerk of superior court that both instruments are a correct copy of the original on file. Dated 2-18-2009. U.S. Const. Am VIII U.S. Const. Am XIV."; 2) "Memo sent to CCII Coreno here at Valley State Prison for Woman states that records saying that inmate Brown did get resentence, and on of the strikes P 667.5(b) was remove. See 602." *See* Dckt. No. 1. As alleged, the court cannot determine the nature of petitioner's claims, particularly, whether petitioner's challenge is to her current conviction or sentence, and if so, what facts support each ground for relief. As noted, a federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus

petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases. A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement. *Preiser*, 411 U.S. at 499.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. Petitioner has 21 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order. The petition must bear the docket number assigned to this action and be styled, "First Amended Petition." The petition must also be complete in itself without reference to any prior petition. Failure to comply with this order will result in a recommendation that the petition be dismissed.

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: October 7, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3