IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA ANN BROWN,

    Petitioner,                       No. CIV S-10-2349 MCE EFB P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

    Respondent.                     FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the grounds that it fails to state a cognizable basis for federal habeas relief, is moot, and untimely. For the following reasons, the motion to dismiss must be granted.

        In 1999, petitioner was convicted of first degree burglary and receiving stolen property in the Solano County Superior Court and was sentenced to 16 years and four months. Pet. at 1. In 2001, the Solano County Superior Court struck one of her priors and she was re-sentenced to 15 years and four months. Dckt. No. 14-1 at 6. In September 2009, petitioner filed a state court habeas petition claiming that she was being held past her release date, as the abstract of judgment did not have a box checked to indicate that she was sentenced pursuant to the three

1

1  strikes law. *Id.* at 10. The habeas petition was denied; the court held that petitioner had been
2  correctly sentenced pursuant to the three strikes law. *Id.* at 46-47.

3      In the instant petition, petitioner appears to present similar claims to those she presented
4  in her state habeas petition. Pet. at 6. In addition, she claims that a Solano County superior
5  court judge ruled that there was an error in the sentencing court's abstract of judgment and
6  amended the abstract of judgment, but the sentencing court's current records do not reflect the
7  amendment. *Id.* Her petition does not specify what relief she seeks, though her state habeas
8  petition requested that she be immediately released. *See* Dckt. No. 14-1 at 10.

9      Petitioner was released from prison on February 28, 2011. *See* Dckt. Nos. 13, 15.

10      A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is
11  challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a
12  determination that he is entitled to an immediate or speedier release from that imprisonment."
13  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also* Rule 1, Rules Governing Section 2254
14  Cases (a 2254 petition may be filed by "a person in custody under a state-court judgment who
15  seeks a determination that the custody violates the Constitution, laws or treaties of the United
16  States"). Here, petitioner has already been released from prison. She does not argue that she is
17  still "in custody" for the purpose of section 2254. Nor has she alleged facts that would support
18  such an argument. Instead, with no explanation, she merely asks that her case not be dismissed
19  on the basis that she has been released from prison.

20      Because petitioner has been released from prison, and does not argue that she is still "in
21  custody" with respect to the state-court judgment against her, this court lacks habeas jurisdiction.
22  Because the petition must be dismissed the court does not address respondent's additional
23  arguments.
24  ////
25  ////
26  ////

2

1  Accordingly, it is hereby RECOMMENDED that respondent's motion to dismiss be
2  granted, and the Clerk be directed to enter judgment and close the case.

3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
10 her objections petitioner may address whether a certificate of appealability should issue in the
11 event she files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing
12 § 2254 Cases (the district court must issue or deny a certificate of appealability when it
13 enters a final order adverse to the applicant).

14 Dated:  February 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE